# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN LAYSHOCK, a minor, by and through his parents, DONALD LAYSHOCK and CHERYL LAYSHOCK, individually and on behalf of their son,<br><br>Plaintiffs,<br><br>v.<br><br>HERMITAGE SCHOOL DISTRICT, KAREN IONTA, District Superintendent, ERIC W. TROSCH, principal Hickory High School, CHRIS GILL, Co-Principle Hickory High School, all in their official and individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   2:06-cv-116<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for consideration are the MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF DEFENDANTS' MOTION TO DISMISS ("Motion") (*Document No. 29*) and the REPLY TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ("Reply") (*attached to Document No. 29*). For the reasons which follow, the Motion will be denied.

## Background

On or about December 10, 2005, Plaintiff Justin Layshock ("Justin"), a senior at Hickory High School, created a parody profile of defendant Eric Trosch ("Trosch"), the Principal of Hickory High School, on a website called "MySpace.com." Justin allegedly created the parody by using his grandmother's computer during non-school hours. He informed a few close friends at school of his parody, and word of the parody soon reached the student body of Hickory High School. School officials became aware of the parody, and at a January 6, 2006 hearing, Justin received a ten-day out-of-school suspension, as well as additional discipline, due to his violation of various school policies.

On January 27, 2006 Plaintiff filed a three-count Verified Complaint pursuant to 42

U.S.C. § 1983, as well as a Motion for Temporary Restraining Order and/or Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65.  Count I of the Verified Complaint alleges that "Defendant's (*sic*) punishment of Justin Layshock for his parody website of Head Principal Trosch violates his rights under the First Amendment to the United States Constitution ..." Verified Complaint at ¶ 57.  Count II alleges that "Defendants' policies and rules are unconstitutionally vague and/or overbroad, both on their face and as applied to Justin Layshock, and thus violate the First Amendment to the United States Constitution ..." *Id*. at ¶ 58.  Count III alleges that "Defendants' punishment of Justin Layshock for constitutionally protected speech in his own home interfered with, and continues to interfere with, Mr. and Mrs. Layshock's rights as parents to determine how best to raise, nurture, discipline and educate their children in violation of their rights under the Fourteenth Amendment to the U.S. Constitution ..." *Id*. at ¶ 59.

The Court held a hearing on the Motion for Temporary Restraining Order on January 30, 2006 and denied said Motion the next day.  *See* Memorandum Opinion and Order, Document No. 31.  Defendants later filed a Motion to Dismiss in which they contended that the individual claims of Mr. and Mrs. Layshock (*i.e.*, Count II) fail to state a claim upon which relief can be granted.  The Court denied the Motion to Dismiss, but did so without the benefit of Defendants' Reply.  Defendants moved for reconsideration of the Court's decision and filed their Reply as an attachment to the Motion for Reconsideration.  The Court has reviewed the Reply and appreciates the legal craftsmanship reflected in Defendants' arguments.  However, it is clear to the Court that under the Federal Rules of Civil Procedure the allegations of Count III are sufficient to state a claim, and that discovery is necessary to determine the merits of Count III.

<u>Standard of Review</u>

When considering a motion to dismiss pursuant to Rule 12(b)(6) the Court accepts as true all well pleaded allegations of fact. *Pennsylvania Nurses Ass'n. v. Pennsylvania State Educ. Ass'n.*, 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997).  In addition, the

Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 325 (3d Cir. 2001). Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," which statement is sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). Additionally, whether a civil rights complaint filed pursuant to 42 U.S.C. § 1983 states a claim is not analyzed "under a heightened pleading requirement, but under the more liberal standards of notice pleading." *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

Discussion

Defendants contend in their Reply that although parents generally have a fundamental right to make decisions concerning the care, custody and control of their children under the Due Process Clause of the Fourteenth Amendment, the claims of Mr. and Mrs. Layshock are not covered by that fundamental right, and therefore Court III fails to state a claim. Reply at 3. Defendants correctly point out that "[i]n the public school context, the courts have recognized the constitutionality of a wide variety of state actions that intrude upon the liberty interest of parents in controlling the upbringing and education of their children." *Id*. at 4 (citing cases). However, the distinguishing feature of Mr. and Mrs. Layshock's individual claims, as opposed to a typical grievance about objectionable school-imposed discipline, school policies, school curriculum and the like, is the allegation that Defendants have punished their son for out-of-school conduct, and in essence have "overstepped their constitutional bounds." Moreover, there are genuine issues of

fact regarding whether Justin was actually punished for out-of-school conduct, or whether other in-school events justified the imposition of the various punishments that were meted out. Resolution of these issues, in the view of the Court, requires discovery, as contemplated by the Federal Rules of Civil Procedure. *See Alstom*, 363 F.3d at n.6. ("To withstand a 12(b)(6) motion, a plaintiff need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules.").

Defendants may ultimately be correct that their actions did not violate the Due Process rights of Mr. and Mrs. Layshock. However, given the liberal standard of notice pleading, as well as issues of fact regarding whether Defendants punished Justin for purely out-of-school conduct, the Court finds that discovery is necessary to determine the merits of Count III. Therefore, Defendants' Motion for Reconsideration will be denied.

## Conclusion

For the foregoing reasons, the Court finds and rules that Count III of Plaintiffs' Verified Complaint is sufficient to state a claim on behalf of Mr. and Mrs. Layshock individually. Defendants' Motion for Reconsideration will be denied. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTIN LAYSHOCK, a minor, by and through his parents, DONALD LAYSHOCK and CHERYL LAYSHOCK, individually and on behalf of their son,** )<br><br>**Plaintiffs,** )<br>v. )<br> )<br>**HERMITAGE SCHOOL DISTRICT, KAREN IONTA, District Superintendent, ERIC W. TROSCH, principal Hickory High School, CHRIS GILL, Co-Principle Hickory High School, all in their official and individual capacities,** )<br><br>**Defendants.** ) | 2:06-cv-116 |

## ORDER OF COURT

AND NOW, this 7th day of April, 2006, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that Defendants' Motion for Reconsideration of the Court's Denial of Defendants' Motion to Dismiss (*Document No. 29*) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Witold J. Walczak, Esquire
      Email: vwalczak@aclupgh.org

      Kim M. Watterson, Esquire
      Email: kwatterson@reedsmith.com

      Anthony G. Sanchez, Esquire
      Email: asanchez@andrewsandprice.com
      Beth S. Mills, Esquire
      Email: bmills@andrewsandprice.com

      Roslyn M. Litman, Esquire
      Email: rlitman@litman-law.com