IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN LAYSHOCK, a minor, by and through his parents, DONALD LAYSHOCK and CHERYL LAYSHOCK, individually and on behalf of their son, <br><br> Plaintiffs, <br><br> v. <br><br> HERMITAGE SCHOOL DISTRICT, KAREN IONTA, District Superintendent, ERIC W. TROSCH, principal of Hickory High School, CHRIS GILL, Co-Principal of Hickory High School, all in their official and individual capacities, <br><br> Defendants. | 2:06-cv-116 |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration and disposition is DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 1292(b) *(Document No. 71)*. Defendant represents that Plaintiffs do not oppose this motion.

This case arose after Justin Layshock was disciplined by the School District for creating an unflattering "profile" of his high school principal on MySpace.com. The case presents important and difficult issues requiring the Court to balance the freedom of expression of a student with the right and responsibility of a public school to maintain an environment conducive to learning.

On July 10, 2007, the Court issued a Memorandum Opinion and Order which resolved the parties' cross-motions for summary judgment. The Court ruled that Justin Layshock is entitled to summary judgment against Hermitage School District as to liability on Count I of Plaintiffs' complaint, the First Amendment claim; that Defendants Trosch, Ionta and Gill are entitled to summary judgment on all counts and they are dismissed as parties in this case; and that Defendant Hermitage School District is entitled to summary judgment on Counts II and III.

Thus, the only issue remaining in the case is Plaintiff Justin Layshock's claim against the School District for compensatory damages and counsel fees.

The familiar standard for deciding whether to certify an issue for interlocutory appeal under Section 1292(b) is succinctly set forth in *Russ-Tobias v. Pennsylvania Board of Probation and Parole*, 2006 WL 516771 (E.D. Pa. 2006):

> A district court may certify an order for an interlocutory appeal if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. 1292(b) (2006). In other words, I may certify an interlocutory order for immediate appeal where that order meets three conditions: "[t]he Order must (1) involve a controlling question of law, (2) offer grounds for difference of opinion as to its correctness, and (3) if appealed immediately[,] materially advance the ultimate termination of the litigation."

*Id.* at *32. The Court is mindful of the strong policy against piecemeal appeals and that certification is appropriate only in exceptional cases. *Id.*

Certification is not appropriate in this case. The Court cannot conclude that an immediate appeal would "materially advance the ultimate termination of the litigation." To the contrary, only one discrete issue remains before the parties will be able to appeal as of right. The policy against piecemeal appeals is particularly relevant under these circumstances.

Federal Rule of Civil Procedure 54(b) provides, in relevant part, that the court may direct the entry of a final judgment as to fewer than all of the claims or parties upon an express determination that there is no just reason for delay and an express direction for the entry of judgment. Presumably, Defendants seek the entry of judgment so that they can appeal the First Amendment claim – the only issue on which they did not prevail. However, "final judgment" cannot be entered on Count 1 because the amount of Justin Layshock's compensatory damages has not yet been determined. Even assuming, arguendo, that liability could be divorced from damages, for the reasons set forth above, the Court cannot certify that there is "no just reason for delay." Indeed, the trial to determine compensatory damages can be readily scheduled and is anticipated to be a relatively brief, straightforward proceeding. Following that proceeding, the

case will be fully resolved and both parties will be able to appeal as of right.

In accordance with the foregoing, DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 1292(b) *(Document No. 71)* is **DENIED**.

The Court will move expeditiously to resolve the remaining issue in the case, to enable both sides to take a direct appeal.  The stay of pretrial deadlines that was jointly requested by the parties is hereby lifted.

Plaintiff shall file a Pretrial Statement on or before November 13, 2007.

Defendant shall file a Pretrial Statement on or before December 3, 2007.
The pretrial conference currently scheduled for October 26, 2007 at 2:15 pm is RESCHEDULED to December 14, 2007 at 8:30 a.m.

SO ORDERED this 23rd day of October, 2007.


BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge


cc:   Witold J. Walczak, Esquire
      Email: vwalczak@aclupgh.org

      Kim M. Watterson
      Email: kwatterson@reedsmith.com

      Anthony G. Sanchez
      Email: asanchez@andrewsandprice.com

      Beth S. Mills
      Email: bmills@andrewsandprice.com